UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  K&K OFFSHORE, L.L.C., AS OWNER *PRO HAC VICE* AND OPERATOR OF THE M/V CONTENDER PRAY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NUMBER<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE |

: : : : : : : : : : : : : : : : : : : : : :

**COMPLAINT FOR EXONERATION FROM
AND/OR LIMITATION OF LIABILITY**

**TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

The Complaint of K&K OFFSHORE, L.L.C., (hereinafter referred to as either "K&K" or "K&K Offshore," as owner *pro hac vice* and/or operator of the M/V CONTENDER , *in rem*, in a cause of exoneration from and/or limitation of liability, pursuant to 46 U.S.C. § 30505, *et seq.,* herein alleges:

I.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is pursuant to the admiralty and maritime jurisdiction of the United States District Courts, 29 U.S.C. § 1333.

II.

Venue is proper in the United States District Court for the Eastern District of Louisiana

pursuant to the Federal Rules of Civil Procedure, Supplemental Rule F(9), as the suit styled as *Calvin Howard vs. Offshore Liftboats, LLC and K&K Offshore, LLC,* Civil Action No. 13-4811, was filed on June 7, 2013 in the United States District Court for the Eastern District of Louisiana, due to an alleged casualty involving the M/V CONTENDER.

III.

Complainant, K&K Offshore, L.L.C., is a limited liability corporation organized and existing pursuant to the laws of the State of Louisiana, with its principal place of business located in Morgan City, Louisiana.

IV.

K&K Offshore is the owner *pro hac vice* and/or operator of the Offshore Supply Vessel the M/V CONTENDER.

V.

The M/V CONTENDER (Official No. 558281) is an Offshore Supply Vessel, 103.9 feet in length, 25 feet in breadth, and 99 gross tons. At all times pertinent, the M/V CONTENDER was tight, staunch, strong, properly equipped, properly manned and was, in all respects, seaworthy and fit for the service in which she was engaged. On or about May 16, 2013, plaintiff, Calvin Howard, allegedly was injured while being transferred from K&K's vessel, the M/V CONTENDER, to Offshore Liftboat's L/B JANIE. The incident allegedly happened at high Island Block 24 in the Gulf of Mexico outside of Sabine Pass, Texas. Plaintiff claims that his employer, Offshore Liftboats, L.L.C., attempted to transfer him from K&K's vessel, the M/V CONTENDER, to Offshore Lifboats' L/B JANIE. During the process of the transfer, plaintiff

claims to have sustained serious and debilitating injuries to his entire body when he claims both K&K Offshore's combined negligence caused plaintiff to fall from a great height to the deck of the M/V CONTENDER during the aforesaid transfer operation.

VI.

The aforesaid May 16, 2013 incident was not caused, either wholly or in part, by any fault, negligence or lack of due care on the part of K&K or any unseaworthy condition of the M/V CONTENDER.  This incident and the resulting damage occurred without the privity or knowledge of K&K or any of its officers or managers.  K&K avers that if an injury occurred, then the crane operator and/or Offshore Liftboats, L.L.C. are at fault and/or legally liable for the incident and any resulting damages therefrom.  K&K reserves the right to amend and/or supplement this paragraph of its Complaint to specify the fault and/or negligence of any other party when the facts surrounding the incident become more fully discovered, and to prove those facts at the trial of this cause.

VII.

At the time of the alleged May 16, 2013 incident, Calvin Howard was working in the course and scope of his employment with Offshore Liftboats, L.L.C.  Calvin Howard instituted a lawsuit in the United States District Court for the Eastern District of Louisiana alleging he sustained injuries and damages as a result of the May 16, 2013 incident.  Howard's lawsuit was the first notice that K&K Offshore received that Howard intended to assert a claim for his injuries and damages arising out of the incident.  Complainant further anticipates that others, including, but not limited to, Offshore Lifboats, L.L.C. may make claims against K&K and/or

the M/V CONTENDER, *in rem*, arising out of the incident for sums exceeding the total sum or sums for which K&K may be legally responsible and/or may be required to pay under the applicable statues governing exoneration from and/or limitation of liability.

VIII.

The amount of the claims asserted by Calvin Howard, Offshore Liftboats and others may exceed the amount and value of K&K Offshore's interest in the M/V CONTENDER immediately after the incident on May 16, 2013.

IX.

Complainant, K&K Offshore, reasonably believes that the M/V CONTENDER had a fair market value of approximately $450,000.00 at the time of and immediately following the incident.

X.

Complainant, K&K Offshore, avers that it is entitled to exoneration from liability for any and all losses, damages and/or injuries occasioned by or resulting from the May 16, 2013 incident, or done, occasioned, or incurred on the subject voyage. K&K Offshore avers that it has valid defenses to all such claims.

XI.

In the alternative, and without admitting liability, K&K Offshore avers it is entitled to the benefit of limitation of its liability as provided in 46 U.S.C. § 30505, *et seq.*, and as provided by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims contained in the Federal Rules of Civil Procedure, and all laws and jurisprudence, supplementary and amendatory

thereof, and all other applicable law and jurisprudence.

XII.

At the time of alleged May 16, 2013 incident, Calvin Howard was working in the course and scope of his employment with Offshore Liftboats. Six months have not yet lapsed since the receipt by Complainant of the first written notice of a claim concerning the alleged occurrence related to a vessel and the allegations asserted herein.

XIII.

K&K Offshore files contemporaneously with this Complaint it's *ad interim* stipulation in the amount of $450,000.00 as security for the amount of Complainant's interest in the M/V CONTENDER together with interest at the rate of six percent (6%) per annum from date of said stipulation and for costs; and in addition thereto, Complainant is prepared to provide an additional stipulation for any amount in excess of the *ad interim* stipulation as may be ascertained and determined to be necessary under the orders of this Court, and as provided by the laws of the United States of America and the Federal Rules of Civil Procedure.

**WHEREFORE,** Complainant, K&K Offshore, L.L.C., prays:

1. That this Court shall issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which Complainant seeks exoneration from and/or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorney for Complainant a copy thereof, on or before the date specified in the Notice;

2. That the Court shall issue an injunction restraining the commencement or

prosecution of any action or proceeding of any kind, against Complainant, its underwriters, the M/V CONTENDER, whether *in rem*, *in personam*, or by attachment of any of its property with respect to any claims for which Complainant seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the May 16, 2013 incident described in this Complaint and Plaintiff's Complaint or any of Plaintiff's Amended Complaints;

3. That if any claimant who shall have filed a claim shall also file an exception controverting the value of the M/V CONTENDER, as alleged herein, this Court shall cause due appraisement to be had of the value of the said vessel following the incident and of the value of Complainant's interest therein, and in which event this Court shall enter an Order for the filing of an amended *ad interim* stipulation for the aggregate value, as to be determined, of Complainant's interest in the said vessel;

4. That this Court adjudge that K&K Offshore, L.L.C. and the M/V CONTENDER are not liable to any extent whatsoever for any losses, damages, injuries or destruction or for any claims whatsoever done, occasioned or occurred as a result of the incident referred to in this Complaint for any amounts whatsoever;

5. Or, in the alternative, if the Court should adjudge that Complainant is liable in any amounts whatsoever, that said liability be limited to the value of Complainant's interest in the M/V CONTENDER of $450,000.00 and may be divided pro rata among such claimants; and that a judgment be entered discharging Complainant and the M/V CONTENDER of and from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any

claims against Complainants and their property, in any way arising from or in consequence of the subject voyage, or in consequence of or connection with the matters and happenings referred to in this Complaint;

      6.    That Complainant have such other and further relief as justice and equity of the cause may require and permit.

                              Respectfully submitted,

                              STAINES & EPPLING

                              *Jeff D. Peuler*

                              _____
                              ANTHONY J. STAINES, T.A. (12388)
                              JEFF D. PEULER (30017)
                              3500 N. Causeway Blvd., Suite 820
                              Metairie, LA 70002
                              Telephone: 504/838-0019
                              Fax: 504/838-0043
                              Counsel for K&K OFFSHORE, L.L.C.
                               and the M/V CONTENDER